Lon A. Jenkins (4060)
Tami Gadd-Willardson (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

**IN RE:**

**CASE: 19-25325**

HENRY JEAN LEGENDRE
NOELLE C. LEGENDRE

**CHAPTER 13**

**Debtors**

**Hon. JOEL T. MARKER**

## TRUSTEE'S CONTINUING OBJECTION TO CONFIRMATION

The Standing Chapter 13 Trustee, hereby objects to confirmation based on the following unresolved issues:

1. The plan is not feasible in that it is presently projected to require more than 60 months to make all payments required by the plan.

2. There appears to be a domestic support obligation in this case, but the Debtor(s) failed to produce at the 341 Meeting a completed Domestic Support Obligation Questionnaire as required by § 521(a)(3).

3. The Debtor(s) failed to timely file the Domestic Support Obligation Creditor Matrix containing a complete list of DSO claimant(s) and their address(es) as required by Local Rule 1007-2(b)).

4.  The Debtor(s) must file a certification with the Court that they are current on all post-petition domestic support obligations.

5.  The Debtor(s) have not filed an itemized, separate budget disclosing the income and expenses related to the operation of a business, as required by Fed. R. Bankr. P. 1007(b)(1).

6.  The Debtor(s) failed to provide the Trustee with Profit and Loss statements for all self-employment income earned during the sixty (60) days prior to the petition date (see Local Rule 2083-1(e)(1)(C)).

7.  The Debtor(s) failed to timely provide the Trustee with copies of their State and Federal income tax returns for 2017 and 2018 (see § 521(e)(2)(A)(i), Fed. R. Bankr. P. 4002(b)(2)(B), and Local Rule 6070-1(c)(2)).

8.  Based on information received from the Internal Revenue Service and/or Debtor(s)' Declaration Regarding Tax Returns, Debtor(s) have not complied with §1325(a)(9) as the Debtor(s) have not filed all tax returns as required under §1308. Tax years not filed: 2017 and 2018.

9.  The Trustee requests that the Debtor(s) provide three (3) months of bank statements for the three (3) months ending on the last day of the calendar month immediately preceding the date of the commencement of the case. The Debtor(s) should reconcile the Profit and Loss statements with the bank statements provided indicating which category bank drafts correspond with on the Profit and Loss statements.

10.  The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the following secured claims:  U.S. Department of HUD.

THEREFORE, the Trustee has an ongoing objection to the confirmation.

Dated: September 26, 2019                    LAJ /S/
                                             LON A. JENKINS
                                             CHAPTER 13 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Continuing Objection to Confirmation was served upon all persons entitled to receive notice in this case via ECF Notification or by U.S. Mail to the following parties on September 26, 2019:


JUSTIN O. BURTON, ECF Notification

                                             /s/ Matthew Olson_____